UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH WRIGHT,

        Plaintiff,

v.

LOUIS DEJOY,
Postmaster General of the United States,

        Defendant.

_____

Case No. 4:21-cv-10871-MFL-JJCG
District Judge Matthew F. Leitman
Magistrate Judge Jonathan J.C. Grey

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF NO. 18) AND DENY PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 20)**

**I.     Procedural History**

On April 12, 2021, Elizabeth Wright commenced this *pro se* action against Defendant Louis DeJoy, Postmaster General of the United States. (ECF No. 1.) On August 31, 2021, she filed the operative amended complaint. (ECF No. 17.) On September 10, 2021, DeJoy moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), asserting a lack of subject-matter of jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 18.) Wright filed a response to the motion and moved to appoint counsel on

September 24, 2021. (ECF No. 21; ECF No. 20.) On September 27, 2021, Judge Matthew F. Leitman referred pretrial matters to the undersigned.

For the reasons set forth below, the undersigned **RECOMMENDS** that DeJoy's motion to dismiss be **GRANTED**. Given the foregoing conclusion, Wright's motion to appoint counsel should be **DENIED** as moot.

## II.  Factual Background

Wright was employed as a mail handler by the United States Postal Service (USPS) in Pontiac, Michigan (ECF No. 17, PAGEID.30.) Wright alleges she was wrongfully denied disability retirement benefits and wrongfully terminated in violation of the Americans with Disabilities Act (ADA) and Section 501 of the Rehabilitation Act. (ECF No. 17, PAGEID.34). According to Wright, in 1998, a coworker pulled out a chair from underneath her, causing injury for which Wright had surgery. *Id.* Wright subsequently sought workers compensation benefits from the Department of Labor, but she asserts that her claim was closed wrongfully. *Id.* She claims to ail from several medical conditions, including a herniated disc, purportedly caused by her USPS job. *Id.* Wright further claims that USPS denied all her accommodation requests, including the option to be permanently reassigned to a sit-down position. *Id.*

On June 28, 2018, Wright filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging discrimination on the basis of

2

disability and retaliation for her previous EEOC filings (ECF No. 17, PAGEID.35; ECF No. 18-1, PAGEID.54). On May 30, 2019, the EEOC issued a final agency decision finding no discrimination or retaliation occurred. (ECF No. 18-1, PAGEID.71, 65-66.) The EEOC further advised Wright that its decision was appealable within 30 calendar days of receipt of the decision and that alternatively, Wright was entitled to file a civil action within 90 calendar days of receipt of the decision. (ECF No. 18-1, PAGEID.71-72.)

Wright lists September 30, 2020 as the date she received a right-to-sue letter from the EEOC, but she did not attach a copy of the letter to her amended complaint, as was required by the pre-printed employment discrimination form. (ECF No. 17, PAGEID.35). Wright filed this action on April 12, 2021. (ECF No. 1.)

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), dismissal of an action is appropriate when a court does not have subject-matter jurisdiction. Such motions "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citation omitted). Further, the

3

plaintiff has the burden of proving jurisdiction to overcome the motion. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Complaints are held to a plausibility standard in which the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion, the Court accepts all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Hill v. Blue Cross & Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).

If referenced in a complaint and central to the allegations, documents attached to a motion to dismiss also form part of the pleadings. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Accordingly, the Court construes the final agency decision of Wright's 2018 EEOC claim as part of the pleadings because Wright identified it in her amended complaint and stated that "[a]ll issues can be found in that file." (ECF No. 17, PAGEID.34.)

Wright represents herself in this matter. Although a *pro se* complaint is entitled to less stringent standards, it may be dismissed for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle h[er] to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations and internal quotations omitted).

**IV.   Analysis**

A. Denial of Disability Retirement Benefits

Wright alleges that USPS wrongfully denied her disability retirement benefits. (ECF No. 17, PAGEID.34.) DeJoy argues that Wright's claim should be dismissed for lack of subject-matter jurisdiction, which Wright opposes.

By design, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For a case to be brought in federal court, subject-matter jurisdiction must exist. Fed. R. Civ. P. 12(b)(1).

In this case, Wright sets forth claims against USPS. The Office of Personnel Management (OPM), not USPS, holds the exclusive authority to adjudicate claims regarding applications for disability retirement benefits. *See* 5 C.F.R. § 831.101(a). The Merit Systems Protection Board (MSPB) reviews appeals of final decisions by OPM, which includes determinations affecting an individual's rights under federal retirement laws. 5 C.F.R. 831.110; 5 C.F.R. § 1201.3(2). Appeal of a final decision by the Merit Systems Protection Board must then be taken in the Court of Appeals

for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A). Wright failed to pursue relief from OPM and failed to seek appellate review by the MSPB or the Court of Appeals for the Federal Circuit. Accordingly, Wright's claim here is without merit.

This Court does not have subject-matter jurisdiction to consider Wright's denial of disability retirement benefits claim.

B. Employment Discrimination

Wright alleges that USPS denied her accommodation requests and terminated her in violation of the ADA and Section 501 of the Rehabilitation Act. (ECF No. 17, PAGEID.32, 34.) DeJoy argues that Wright's action is untimely, which Wright opposes.

Without exhaustion of federal administrative remedies, a complaint will not survive a motion to dismiss. *See Brewer v. Cleveland Mun. Sch. Dist.*, 84 Fed. App'x 570, 572 (6th Cir. 2003). Wright does not demonstrate exhaustion of such remedies regarding her accommodation claim in her amended complaint or 2018 EEOC charge. Therefore, Wright failed to state a claim upon which relief can be granted here.

In employment discrimination cases, federal courts strictly enforce the 90-day statutory limit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). Dismissal of a complaint filed after the

6

limitations period is appropriate even where the litigant proceeds *pro se*. *Okparaocha v. Lazarus, Inc.*, 127 F.3d 1103 (6th Cir. 1997) ("[E]ven though [the plaintiff] sued *pro se*, he must satisfy applicable rules and deadlines."). Federal courts also rarely apply the doctrine of equitable tolling for an untimely claim to survive. It applies "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560 (citations omitted).

Here, the EEOC issued its final decision on May 30, 2019. (ECF No. 18-1.) Wright was required to file her complaint within 90 calendar days of receiving the decision. (ECF No. 18-1, PAGEID.72.) Wright states that she received the right-to-sue letter on September 30, 2020. (ECF No. 17, PAGEID.35.) Using the date Wright provided, Wright had until December 29, 2020 to file her complaint, however, Wright did not file her complaint in this Court until April 12, 2021, 194 days later. (ECF No. 1.) Moreover, equitable tolling is not appropriate here given the lack of exceptional circumstances. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Wright's filing of her complaint 104 days beyond the 90-day filing due date is too late. This claim is thus time-barred.

Accordingly, Wright ultimately fails to state a plausible claim for relief.

## V. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that DeJoy's motion to dismiss (ECF No. 18) be **GRANTED** and that Wright's motion to appoint counsel (ECF No. 20) be **DENIED** as moot.

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

Dated: October 6, 2021

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2021.

<u>s/ **S. Osorio**</u>

Sandra Osorio
Case Manager